IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA KAY CHAPMAN                                                           PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:15cv243-CWR-FKB

WISCONSIN DEPARTMENT OF REVENUE                                      DEFENDANT

REPORT AND RECOMMENDATION

This *pro se* case is before the Court *sua sponte* for consideration of dismissal. Plaintiff Patricia Chapman filed her complaint [1] on April 1, 2015. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") [2]. Having liberally construed the complaint, the undersigned recommends that this case be dismissed without prejudice.

A court must "dismiss [an IFP] case if the court determines that . . . the action . . . (1) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Pursuant to the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *James v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).[1]

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] Section 1915(e)(2)(B) applies to *pro se* non-prisoner cases, as well as prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

The Court has permitted Chapman to proceed IFP in this action and her complaint is subject to *sua sponte* dismissal under Section 1915. Chapman alleges in her complaint that she "owe[s] a debt to the State of Wisconsin Revenue." [1] at 2. She seeks $1,000,000.00 for, *inter alia*, the loss of her children and she wants her debt to Defendant "cleared". *Id.* After reviewing the complaint, the undersigned is unable to determine what claims are raised, which facts pertain to any claims raised, the legal basis for Plaintiff's claims, or whether the Court has jurisdiction. Accordingly, the undersigned recommends that this case be dismissed.

Since the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the claims in this Court, the dismissal would be without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636.

Respectfully submitted, this the 14th day of April, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE