# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

PATRICIA KAY CHAPMAN                                                                PLAINTIFF

V.                                                                    CAUSE NO. 3:15-CV-243-CWR-FKB

WISCONSIN DEPARTMENT OF                                                             DEFENDANT
REVENUE

## ORDER

Before the Court are the report and recommendation of United States Magistrate Judge F. Keith Ball, Docket No. 4, and Patricia Kay Chapman's objection to that report and recommendation, Docket No. 5.

In this lawsuit, Chapman seeks $1 million in damages from the Department of Revenue of the State of Wisconsin. Docket No. 1. She recounts a pattern of harassment by various government agencies in that State, which ultimately caused her to flee to Mississippi. *Id.* Although unstated, her claim is necessarily brought pursuant to 42 U.S.C. § 1983, a federal statute which allows persons whose constitutional rights have been violated by state actors to sue and recover money damages from those state actors. *E.g.*, *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006).

The Magistrate Judge recommended dismissing the complaint after noting a number of concerns, including whether this court has jurisdiction. Docket No. 4. A review of Chapman's objection raises similar questions.

Even if every allegation contained in her complaint and objection is true, however, the law does not permit Chapman to sue this defendant in this court.

"The Eleventh Amendment [to the United States Constitution] bars suits by private citizens against a state in federal court." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)

(citation omitted). "[I]n the absence of consent a [federal court] suit in which the State *or one of its agencies or departments* is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks and citation omitted, emphasis added); *see Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005). "[A] suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

In addition, States are not liable under 42 U.S.C. § 1983 because they are not considered "persons" under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Bryant*, 381 F. Supp. 2d at 592. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

It is undisputed that the Wisconsin Department of Revenue, which is the only defendant in this case, is an agency of the State of Wisconsin. That means it has no liability under § 1983 and is immune from a claim for money damages in federal court. Accordingly, Chapman's claims against it must be dismissed.

For these reasons, the objection is overruled and the report and recommendation is adopted as this Court's own. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 22nd day of April, 2015.

                                                               s/ Carlton W. Reeves
                                                               UNITED STATES DISTRICT JUDGE